# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIRGAS-EAST, INC., : | CIVIL ACTION |
|          Plaintiff, : | |
| : | |
| v. : | No. 5:08-cv-318 |
| : | |
| GT & S, INC., et al., : | |
|          Defendants. : | |

**GOLDBERG, J.**                                                                                                                                                 **January 22, 2010**

## MEMORANDUM OPINION

      This case involves a straightforward breach of contract dispute between Plaintiff, Airgas-East, Inc., and Defendant, Lehigh Valley Hospital, Inc. (hereinafter "LVH"), regarding the supply of medical gas.[1] Plaintiff, the supplier, has alleged that LVH improperly terminated the contract prior to the end of the agreed upon ten year contract term.

      Before the Court is Plaintiff's Motion for Partial Summary Judgment seeking judgment as a matter of law that the contract at issue, the "Product Sale Agreement" (hereinafter "the Agreement"), is unambiguous and provides for an initial ten (10) year term and, thereafter, from year to year unless terminated through ninety (90) days notice. LVH has also filed a Motion for Summary Judgment asserting that the Agreement is unambiguous and allows for termination at any time within the initial ten (10) year term, as long as ninety (90) days notice is provided. I will construe the parties' motions as cross-motions for summary judgment. For reasons that follow, I grant Plaintiff's Motion for Partial Summary Judgment and deny Defendant, LVH's, Motion for Summary Judgment.

---

[1] Plaintiff has also sued Defendant, GT & S, Inc., a competing medical gas supplier, for tortious interference of a contractual relationship.

I. **FACTS PERTINENT TO THE MOTION**

Plaintiff is a corporation which sells medical gases, and LVH is a network of medical facilities in eastern Pennsylvania. On July 15, 2003, Plaintiff and LVH entered into the Agreement in question, whereby Plaintiff would supply medical gases to LVH. Paragraph 2 of the Agreement states:

> The initial term of this Agreement shall be for ten (10) years and shall commence after the first delivery of Product by Seller hereunder, or upon the date signed by Seller herein below, whichever is later, and thereafter from year to year unless terminated upon ~~not less than twelve (12) months' written notice by either party at the end of the initial term, or expiration of any subsequent anniversary thereof as the case may be.~~ 90 days [notice].

The Agreement was type written, however, the crossed-out portions noted above were crossed-out by hand. The "90 days" language was also a handwritten addition. These changes/additions were initialed and dated by representatives for both parties. Thus, reduced to its signed form, the pertinent contract provision states, "The initial term of this Agreement shall be for ten (10) years and shall commence after the first delivery of Product by Seller hereunder, or upon the date signed by Seller herein below, whichever is later, and thereafter from year to year unless terminated upon 90 days notice." Additionally, a rider to the Agreement states, "The Term of this Agreement shall be for a ten (10) year period."

The controversy before the Court stems from the October 1, 2007, correspondence that LVH sent to Plaintiff providing notice that LVH was terminating the Agreement as of January 1, 2008, based upon their purported right to unilaterally terminate upon ninety (90) days notice. (Pl. Memo., Exs. A & B). This notice was sent to Plaintiff approximately four years after the contract

2

commenced.[2]

Plaintiff filed the instant action on January 18, 2008, seeking damages against LVH for breach of contract. As previously noted, Plaintiff also named GT & S, Inc. as a Defendant, alleging tortious interference with a contractual relationship.[3] LVH filed a motion to dismiss, or in the alternative, a motion for summary judgment on March 14, 2008, generally raising the same arguments asserted in their instant motion for summary judgment. This motion was denied on November 18, 2008. The cross-motions at issue were filed on July 24, 2009, and August 4, 2009, after extensive discovery by the parties.

## II. DISCUSSION

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." There is a dispute over a material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" only if it might affect the outcome of the case under governing law. Id.

Summary judgment is appropriate in a contract case where the moving party is entitled to judgment as a matter of law and the contract is unambiguous. Tauriello v. Twp. of Edison, 288 Fed.Appx. 825, 827-28 (3d Cir. 2008). A contract is ambiguous when the Court determines, as a matter of law, that the terms are not "reasonably susceptible [to] different constructions" or "capable

---

[2] The parties agree that the contract commenced on July 15, 2003. (Pl. Motion, ¶ 1; Def. Motion, ¶ 1).

[3] Plaintiff claims that GT & S tortiously interfered with Plaintiff's ten (10) year medical gas supply contract with LVH by inducing LVH to breach the Agreement and purchase medical gases from GT & S instead.

3

of being understood in more than one sense." Ins. Adjustment Bureau, Inc. v. Allstate Ins. Co., 905 A.2d 462, 468-69 (Pa. 2006). When a contract is unambiguous, the court must interpret the contract language within the four (4) corners of the contract.[4] Brandow Chrysler Jeep Co. v. Datascan Tech., Nos. 08-4308 & 08-4384, 2009 WL 3059050, at *2 (3d Cir. Sept. 25, 2009) citing Ins. Adjustment Bureau, Inc., 905 A.2d at 480. In interpreting an unambiguous contract, the court applies the general precepts of contract construction and gives meaning to all words and phrases contained within the contract. 11 Willingston on Contracts § 32:5 (4th ed.); TMT Sales Co. v. Canadian Shield Spring Water Co., Ltd., No. 88-8449, 1990 WL 107945 (E.D.Pa. July 26, 1990) citing Washington Hosp. v. White, 889 F.2d 1294, 1300 (3d Cir. 1989).

Here, the parties agree that the language in question is unambiguous. (Pl. Memo., p. 4; Def. Memo., p. 9). I also find that paragraph 2 is not reasonably capable of being understood in more than one sense and is thus, unambiguous. Am. Flint Glass Workers Union v. Beaumont Glass Co., 62 F.3d 574, 581 (3d Cir. 1995) (finding that an ambiguous contract is one that is capable of reasonably being interpreted in two different ways from a linguistic standpoint).

Plaintiff claims that the unambiguous language in question sets the term of the contract at ten years and thereafter from year to year unless "terminated upon ninety (90) days notice." LVH asserts that while the term of the contract is ten (10) years, the contract could be terminated by either party at any time upon ninety (90) days notice. As noted previously, the language I must interpret states, "The initial term of this Agreement shall be for ten (10) years and shall commence after the first delivery of Product by Seller hereunder, or upon the date signed by seller herein below,

---

[4] The Agreement also contains an integration clause in paragraph 20 which states: "This Agreement with any Riders and/or Amendments represents the entire Agreement between Seller and Purchaser in relation to the sale of Products and Other Items of Sale."

whichever is later, and thereafter from year to year unless terminated upon 90 days notice."

This paragraph has three (3) components: the initial contract term, the contract start date, and a renewal clause. When read without the start date clause, which is not at issue, paragraph 2 states, "The initial term of this Agreement shall be for ten (10) years, and thereafter from year to year unless terminated upon 90 days notice." This language plainly reflects that the contract was to run for ten years and "<u>thereafter</u>" could be renewed on an annual basis, unless that renewal was terminated by giving ninety (90) days notice.

To read this language otherwise, and apply the ninety (90) days notice clause to the initial contract term as LVH suggests, would render the ten year term meaningless because it could be terminated at will, upon notice. Moreover, the "thereafter" language clearly separates the initial ten year contract term from the annual renewal language, which could be terminated "upon ninety (90) days notice." Basic contract construction mandates that we give full meaning to all words in the contract, and in this instance, that notably includes the word "thereafter." Had the contract drafters intended the ninety (90) day termination provision to attach to the initial ten year contract term, they could have easily done so.[5]

Lastly, the rider to the Agreement states, "The Term of this Agreement shall be for a ten (10) year period." When read in conjunction with paragraph 2, the rider supports the Court's finding that the Agreement provides for a ten (10) year contract term without a ninety (90) day notice termination provision.

## III. CONCLUSION

For the foregoing reasons, this Court concludes that the language of the Agreement is

---

[5] The contract could have, but does not read, "The initial term of this Agreement shall be for ten (10) years, unless terminated upon ninety (90) days notice."

unambiguous and provides for a ten (10) year contract term followed by an annual renewal that can be terminated upon ninety (90) days notice. Consequently, I find as a matter of law that Defendant, LVH's October 1, 2007, termination constitutes a material breach of the "Product Sale Agreement." Our Order follows.